UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARSHALL CHATMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO:  1:21-cv-074- |
| | ) | |
| YAMAHA MARINE PRECISION | ) | |
| PROPELLERS INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Mr. Marshall Chatman, hereinafter Mr. Chatman, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files his Complaint against the Defendant, Yamaha Precision Propellers, hereinafter Defendant, and shows the Court the following:

## JURISDICTION AND VENUE

1.      This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 1331, 1332, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 race discrimination and retaliation under Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) and I.C. § 22-9-1-3.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391(b)(2).

1

3.     This Court has Supplemental jurisdiction over any state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims for negligence arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over any state law matters alleged in this Complaint.

## PARTIES

4.     The Plaintiff, Mr. Chatman, is an African American, male citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title.

5.     At all time relevant hereto, Mr. Chapman was an "employee" of the Defendant, as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(f), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(i).

6.     The Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

7.     At all times relevant hereto, the Defendant was an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(b), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(h).

8.     The Defendant is a domestic for-profit corporation doing business in the state of Indiana and registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

9.      On or about September 29, 2020, Mr. Chatman filed charges of Race

Discrimination and retaliation for reporting discrimination; with the Equal Employment

Opportunity Commission ("EEOC"), Charge Number 470-2020-03493.

10.     On or about October 16, 2020, Mr. Chatman received a Notice of Right to Sue

from the EEOC for Charge Number 470-2019-00490, entitling him to commence action within

ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and

incorporated herein by reference as **Exhibit "A".**

11.     The Complaint in this matter was filed within ninety (90) days of receipt of the

above referenced Notice of Right to Sue from the EEOC.

## FACTS

12.     The Defendant hired Mr. Chatman on or about November 2018.

13.     Throughout her employment with Defendant, Mr. Chatman met or exceeded

Defendant's legitimate expectations of performance.

14.     In June of 2020, Mr. Chatman and a Caucasian Administrative Assistant were

assigned work in the boxing area of the company due to the changing needs of the company.

15.     Not long after receiving the new assignment, Mr. Chatman's Caucasian coworker

was promoted to work in the waxing area of the company.

16.     Mr. Chatman's Caucasian coworker was promoted despite the fact that Mr.

Chatman was more qualified.

17.     On or about August 6, 2020, all employees in the office were required to take a

drug test.

18.     The other employees and I in the office were transported to an offsite facility for drug testing.

19.     We had been waiting for a long time without getting tested.

20.     The time that I was supposed to get off work arrived.

21.     I have a son who is disabled who I needed to pick up from school.

22.     I told my manager that I needed to ick my son up from school.

23.     He and his manager inquired into how long they thought the wait would be for Mr. Chatman to get tested.

24.     There were still several people in ahead of Mr. Chatman to get tested.

25.     Mr. Chatman's manager told him that he could leave to get his son and come back for his drug test.

26.     Mr. Chatman told him that he would need someone to watch his son while he took his drug test.

27.     His manager told him that would not be a problem and volunteered to sit with him.

28.     In fact, Mr. Chatman's manager even took him back to the facility to get his car so that he could go and pick up his son.

29.     After Mr. Chatman picked up his son, he went back to the testing facility.

30.     His manager was not there when he returned and there was not anyone there to watch his son.

31.     Mr. Chatman contacted his manager who relayed to him that he had to leave to attend an activity his children were participating in.

32.     Mr. Chatman asked him what he was supposed to do.

4

33.     His manager told him that he could not come back because he was already at his children's activity. His manager told Mr. Chatman that he would meet him the following day for a hair follicle test.

34.     Mr. Chatman told him he would be happy to take the urine screen but that he needed someone to watch his son and that he did not see why he would have to take a follicle test when nobody else had to.

35.     His manager told him that he either took the test or could resign and that he, "understood and would not hold it against him."

36.     Mr. Chatman had previously scheduled the following day off work and could not attend an appointment.

37.     Mr. Chatman contacted his Manager's Supervisor and made a complaint that he felt he was being discriminated as the only African American employee.

38.     Instead of his concerns being taken seriously and investigated, Mr. Chatman was terminated.

## COUNT I

## DISCRIMINATION ON THE BASIS OF RACE

39.     Mr. Chatman hereby incorporates by reference paragraphs 1 through 38 as though previously set out herein.

40.     The Defendant discriminated against Mr. Chatman due to his race.

41.     The Defendant offered more favorable terms of employment to Caucasian employees.

42.     The Defendant retaliated against Mr. Chatman for reporting race discrimination.

43.     The Defendant permitted a hostile work environment to exist due to Mr. Chatman's race.

44.     By the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of Mr. Chatman's rights as an African American employee, engaged in unlawful and discriminatory employment practices including retaliation for reporting race discrimination, materially affecting, and altering the terms and conditions of his employment, in violation of Title VII.

45.     Mr. Chatman has suffered emotional and economic damages because of Defendant's unlawful actions.

## COUNT II

## UNLAWFUL RETALIATION

46.     Mr. Chatman hereby incorporates by reference paragraphs 1 through 45 as though previously set out herein.

47.     Mr. Chatman reported race discrimination to the Defendant.

48.     The Defendant retaliated against Mr. Chatman for reporting discrimination by removing him from his employment in violation of Title VII.

49.     Mr. Chatman has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Mr. Chatman, respectfully requests that this Court enter judgment in her favor and:

a.      Order Defendant to pay Mr. Chatman his lost wages, unpaid bonuses and other economic benefits lost as a result of Defendant's unlawful acts;

b.      Reinstatement to the position, salary and seniority level to which she would have
been entitled but for the Defendant's unlawful actions, or front pay in lieu of
reinstatement;

c.      compensatory damages;

d.      punitive damages;

e.      liquidated damages

f.      lost future wages

g.      All costs and attorney's fees incurred as a result of bringing this action;

h.      Payment of all pre- and post-judgment interest;

i.      Provide to Mr. Chatman all other legal and/or equitable relief this Court sees fit to
grant.

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiff, Mr. Chatman, by counsel, respectfully requests a jury trial for all issues
deemed so triable.

Respectfully submitted:

/s/ *Darron S. Stewart*
Darron S. Stewart #21114-29
STEWART & STEWART ATTORNEYS
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (888) 686-6977
Darron@getstewart.com
Attorneys for Plaintiff